IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEMETRIUS CURTIS,<br>　　Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2241 |
| v. | : <br> : | |
| R.L. BUTCH CONWAY,<br>　　Respondent. | : <br> : | CIVIL ACTION NO.<br>1:18-CV-3198-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is a pre-trial detainee at the Gwinnett County Jail in Lawrenceville, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 6.)

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts requires a federal court to screen a habeas petition prior to any answer or other pleading. Rule 4 requires that the petition be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] R. 4, Rules Governing § 2254 Cases; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] The Rules apply to habeas actions under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. R. 1(b), Rules Governing § 2254 Cases. District courts may dismiss a habeas petition under Rule 4 after affording the parties fair notice, which this Report and Recommendation provides. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006).

Petitioner has been confined since February 17, 2018. (Doc. 6 at 1.) Petitioner's criminal case is pending in the Superior Court of Gwinnett County, where he appears to be charged with possessing unlawful drugs and driving a vehicle while not wearing a seat belt. (*Id.*) Petitioner contends that a police officer planted drugs in his car during an unlawful traffic stop allegedly made for the seat belt violation. (*Id.* at 6-7.)

Petitioner asserts three grounds for habeas relief. (*Id.* at 4-7.) Petitioner claims that the search and seizure of his person and car were unconstitutional, his case was bound over to the superior court in violation of Georgia law, and his $23,200 bail is excessive. (*Id.*) Petitioner seeks "discharge . . . from custody." (*Id.* at 8.)

The only challenge to his custody that Petitioner has presented to the state courts is a habeas corpus petition that he filed in the Superior Court of Gwinnett County. (*Id.* at 2-3.) Petitioner filed that petition on May 31, 2018, and apparently supplemented it in June 2018. (*Id.* at 3.) The superior court has not yet ruled on the petition. (*Id.*)

Those in state custody, including pre-trial detainees, must exhaust all remedies available under state law before seeking habeas relief in federal court. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d

1049, 1060 (11th Cir. 2003) ("[Section] 2254 merely codified judge-made restrictions on issuing the writ of habeas corpus as authorized under § 2241."); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the exhaustion requirement "was codified in 28 U.S.C. § 2254(b), but . . . applies to all habeas corpus actions"). A federal court may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

There are available remedies under state law for Petitioner to challenge his prosecution. Those remedies include appealing any adverse ruling by the trial court to a state appellate court, filing a petition for a writ of habeas corpus in state court, and filing a petition for a writ of mandamus in state court. *See* O.C.G.A. §§ 5-6-36(a), 5-6-38(a) (appeals to higher courts); O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus [from Georgia courts] to inquire into the legality of the restraint."); O.C.G.A. § 9-6-20 (mandamus).

Petitioner is pursuing one of those available remedies – he filed a habeas petition in the superior court less than two months ago. Petitioner must give the state courts a "full and fair opportunity to resolve" his claims before he can seek relief in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). That includes filing an appeal in the state appellate courts of any adverse ruling on his state habeas petition and obtaining a ruling from the appellate court. *See id.*

Even if Petitioner had exhausted all his state remedies, the Court cannot adjudicate his claims at this time. Abstention principles generally prohibit federal courts from granting relief that interferes with a pending prosecution in state court. *Younger v. Harris*, 401 U.S. 37, 41 (1971). Because Petitioner challenges the evidentiary foundation of the charges against him and the initial interaction with police that led to those charges, adjudication of his claims would interject the Court into the heart of the criminal case and interrupt the state-court proceedings. Those proceedings began just five months ago and implicate important state interests. Given those circumstances, this Court cannot interfere in the proceedings in state court.

Because Petitioner has not exhausted the remedies available to him in state court and the Court must abstain from interfering with his criminal case, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and that a certificate of appealability be **DENIED**.

**SO RECOMMENDED** this 23 day of July, 2018.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)